Anderson, J.,
delivered the opinion of the court.
By the 4th section of the act amending the charter of Lynchburg, passed December 8,1866 (Acts 1866-’7, p. 460), jurisdiction is given to the court of Hustings for the said city, “not only within the corporate limits of said city, but also for the space of one mile without and around said city.” On the 81st of July 1869, Thomas L. Johnson, S. W. Younger, and John T, *204 Smith,- who were partners constituting the firm of Younger & Co., executed a deed of'trust, conveying, with other property situated and being within the corPorate limits of the city of Lynchburg, a lot of four acres of land lying outside of said corporate limits, in the county o'f Campbell, but within the jurisdiction of the Hustings court of said city, to the appellants, trustees, to secure the appellees equally with all other creditors of Younger & Co. And on the same day said deed of trust was admitted to record in the clerk’s office of the Hustings court of said city, but never was recorded in Campbell county.
Afterwards, in. 1870, judgments were severally recovered by the appellees against Younger & Co. in Lynchburg courts, which were regularly docketed in the clerk’s office of the County court of Campbell county. And the question ’raised by this appeal is, was the recording of the deed of trust in the clei’k’s office of the Hustings court of the city a valid recordation as against creditors, or was it necessary that it should have been recorded also in Campbell county ?
By section 5 of chapter 119, Code of 1860, p. 566, deeds of trust, &c., shall be void as to creditors and •subsequent purchasers without notice, until and except from the time that they are duly admitted to record in the county or corporation wherein the property embraced in such contract may be. This section was amended and reenacted by the act of January 16,1867 (Acts of 1866-’7, p. 538), to read as follows: “Every such contract, &c., deed of trust, &c., shall be void as to creditors, &c., until and except from the time that it is duly admitted to record in the county or corporation wherein the property embraced in such contract or deed may be: provided, however, that all deeds of bargain and sale, of trust, of gift, or mortgage, or *205 power of attorney, and all writings in respect to real or personal estate, intended to be recorded, where such real or personal estate is situated, lying and being within the jurisdiction of a corporation or Hustings court, shall be recorded in the clerk’s office of such corporation or Hustings court:” which means, we think, that when the property conveyed is within the jurisdiction of the corporation or Hustings court, the deed shall be recorded in the clerk’s office of that court, and shall be void as to creditors until and except from the time it is so recorded: which clearly implies that from the time it is so -recorded, it shall not be void as to creditors and subsequent purchasers without notice. It was the intention of the legislature, we think, by this proviso, to prescribe this recordation as to property so situated, as a substitute for recordation in the County court. But it is nowhere said, nor, we think, is it implied, that deeds thereafter made, of property so situated, shall be recorded in the county, as well as in the clerk’s office of the corporation and Hustings court.
The foregoing section, as amended and reenacted, is not in conflict with § 6 of the Code, which is as follows: “notwithstanding any such writing shall be duly admitted to record in one county or corporation, wherein there is real estate, or goods, or chattels, it shall nevertheless be void as to such creditors and purchasers in respect to other real estate, or goods, or chattels, without the same, until it is duly admitted to record in the county or corporation wherein such other real estate, or goods, or chattels, may be.” By virtue of the preceding section, as amended and reenacted, the property lying or being within the jurisdiction of the Hustings court of the city, although outside of the corporate limits proper, is, as to purposes of recorda *206 tion, virtually within the corporation, and need only he recorded in the corporation court; and in this case, the deed, not embracing other real estate, or goods and chattels, without the same, need not be recorded elsewhere. But if there is any conflict, section 6 must yield to section 5 as amended and reenacted, which in point of time is the later enactment. Section 6 was not reenacted, and is not therefore cotemporaneous with section 5, as amended and reenacted by the act of January 16th, 1867, but was enacted prior to the Code of 1860. If any of its provisions are in conflict with section 5, as amended and reenacted, they are virtually repealed by the latter.
The deed of trust in this case having been recorded in the clerk’s office of the Hustings court of the city of Lynchburg, conveying the lot or lots of land in question, lying within the jurisdiction of the Hustings court, was such a recordation as the statute required, and was valid against creditors and subsequent purchasers. And consequently, the lien so acquired by the trustees on the property embraced in the deed of trust overreached any liens upon the same property acquired by subsequent judgments. The court is of opinion, therefore, to reverse the decree of the Circuit court with costs; and doth proceed to enter such decree as ought to have been entered by the said Circuit court.
Decree reversed.